IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JERRY P. STEVENS,<br>    PLAINTIFF,<br><br>V.<br><br>CARDWORKS SERVICING, LLC,<br>    DEFENDANT, AND<br>ADVANTA BANK CORP.,<br>    CO-DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§  CASE NO. 1:11-CV-00397-LY<br>§  Trial By Jury Demanded<br>§  Civil Rights Violations<br>§<br>§ |

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following Scheduling Order:

IT IS ORDERED THAT:

    1.    A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by April 02, 2012.

    2.    The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by July 16, 2012, and each opposing party shall respond in writing by August 02, 2012. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial.

---

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by July 02, 2012.

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by *FED. R. CIV. P.* 26(a)(2)(B) on or before February 02, 2012. Parties resisting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by *FED. R. CIV. P.* 26(a)(2)(B) on or before February 02, 2012. All designations of rebuttal experts shall be filed within fifteen (15) days of receipt of the report of the opposing expert, and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be served, but not filed, on all other parties within fifteen (15) days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days of receipt of the written report of the expert's proposed testimony, or within eleven (11) days of the expert's deposition, if a deposition is taken, whichever is later. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.**

6.   The parties shall complete discovery on or before March 02, 2012. Parties may, by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.   All dispositive motions shall be filed no later than 30 days prior to trial and shall be limited to twenty (20) pages. Responses shall be filed and served on all other parties within eleven (11) days of the service of the motion and shall be limited to twenty (20) pages. Any replies shall be filed and served on all other parties within eleven (11) days of the service of the response and shall be limited to ten (10) pages, but the Court need not wait for the reply before ruling on the motion.

**The parties shall not complete the following paragraph 8. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

8.   This case is set for pretrial conference, in chambers, on the _____ day of _____, 20____, at _____ and _____ trial in the month of _____, 20____. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for any represented parties, and by any unrepresented parties. The parties should

consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

SIGNED this _____ day of _____, 20_____.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

AGREED:

_____   _____
Jerry P. Stevens, Plaintiff         Keith Wier, Attorney for Defendant
                                    and Co-Defendant

## CERTIFICATE OF SERVICE

By my signature below, I certify that on this the 2nd day of August, 2011, I served a true and correct copy of Plaintiff's Proposed Scheduling Order by certified mail on the following:

Keith Wier, Attorney for Defendant Cardworks Servicing, LLC., and Co-Defendant Advanta Bank Corp.
24 Greenway Plaza, Suite 1700
Houston, TX 77046

VIA CERTIFIED MAIL: 7010 2780 0000 9049 8731
On August 02, 2011.

/s/ Jerry P. Stevens
Jerry P. Stevens

Scheduling Order – Stevens v Cardworks Servicing LLC and Advanta Bank Corp   5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JERRY P. STEVENS,<br>　　　PLAINTIFF,<br><br>V.<br><br>CARDWORKS SERVICING LLC,<br>　　　DEFENDANT, AND<br>ADVANTA BANK CORP.,<br>　　　CO-DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§ CASE NO. 1:11-CV-00397-LY<br>§ Trial By Jury Demanded<br>§ Civil Rights Violations<br>§<br>§ |

2nd day of August, 2011

## JERRY P. STEVENS' AFFIDAVIT CONCERNING ATTEMPTS TO CONFER WITH OPPOSING COUNSEL

COMES NOW the Plaintiff, Jerry P. Stevens, and files this Affidavit with the Court as an attachment to Plaintiff's Proposed Scheduling Order pursuant to local rule CV-16 (c), to explain why no agreement has been reached with either the Defendant or Co-Defendant regarding the Proposed Scheduling Order.

**Discussion**

Defendant CardWorks Servicing, LLC., made an appearance in this case on June 03, 2011, wherein the Defendant filed a Motion for Extension of Time. Subsequently the Co-Defendant Advanta Bank Corp., made an appearance on June 06, 2011 by filing an identical Motion for Extension of Time. Pursuant to local rule CV-16 (c), the parties are required to file with the Court a Proposed Scheduling

---

Jerry P. Stevens' Affidavit Concerning Attempts to Confer　　　　　　　　Page 1 of 6

Order within 60 (sixty) days of the Defendants' first appearance, thus the due date for the Proposed Scheduling Order is August 02, 2011, in this case. Additionally, if the parties cannot reach an agreement on a Proposed Scheduling Order, then each party must submit their own Proposed Scheduling Order on or before the 60-day deadline, along with an explanation to the Court concerning why no agreement could be reached.

Pursuant to *Fed. R. Civ. P.* 26 (f), the parties must confer at least 21 days before a Scheduling Order is due. On July 08, 2011, the Plaintiff emailed Keith Wier, who represents both the Defendant and the Co-Defendant, for the purpose of conferring on the proposed scheduling order. In his email, the Plaintiff attached a Proposed Scheduling Order and a Proposed Discovery Plan, and requested that Mr. Wier contact Plaintiff via telephone or email with any questions or requests for changes to these documents. Plaintiff also stated in his email that Plaintiff is open to considering any offer for settlement that the Defendants may wish to make.

On July 12, 2011, which was the 21-day deadline for conferring, Plaintiff still had received no response from Mr. Wier. Plaintiff called Mr. Wier the afternoon of July 12, 2011, and spoke with Mr. Wier. Plaintiff requested that Mr. Wier review the documents and respond so that an agreement could be reached regarding the Proposed Scheduling Order and Proposed Discovery Plan. Mr. Wier told Plaintiff that he would review the documents and that he would need to confer with his clients and get his clients' approval before he could agree to any Proposed Scheduling Order or Proposed Discovery Plan.

A couple of hours later on July 12, 2011, Mr. Wier called the Plaintiff back and reported that he had reviewed Plaintiff's email and documents. Mr. Wier then asked the Plaintiff to "make an offer for settlement," noting that Plaintiff had mentioned "something about making an offer" in Plaintiff's email. Plaintiff was not able to discuss the matter at the time that Mr. Wier called, so Plaintiff told him he would get back with him later that day.

Plaintiff did indeed mention making a written offer for settlement in his July 08, 2011 email, and furthermore Plaintiff even proposed a specific date on which Plaintiff would make a written offer for settlement, because pursuant to paragraph (2) on this Honorable Court's form for a Proposed Scheduling Order, "the parties asserting claims for relief shall submit a written offer of settlement to opposing parties" on or before a proposed date, and the parties are to fill in that date on the form. However, in his July 08, 2011 email, Plaintiff *also* explained to Mr. Wier that Plaintiff wishes to wait until *after* discovery has been completed before submitting a written offer for settlement to the Defendant and Co-Defendant, and that was the reason why Plaintiff suggested the date that he did concerning this matter in Plaintiff's Proposed Scheduling Order. Apparently Mr. Wier did not see that explanation in Plaintiff's email.

Later that same day, July 12, 2011, Plaintiff sent Mr. Wier another email explaining once again that Plaintiff does not wish to submit a written offer of settlement until *after* discovery has been completed, and Plaintiff reiterated that he is, however, still open to considering any offer that either the Defendant or the Co-

Defendant may wish to make at any point in time. In this second email Plaintiff also sent an amended version of the Proposed Scheduling Order which contained only a few minor changes so that the language would accurately match the Court's form, and Plaintiff requested that Mr. Wier review the amended document and respond with any requests for changes so that an agreement could be reached in a timely manner regarding the Proposed Scheduling Order and Discovery Plan.

The next day, on July 13, 2011, Mr. Wier sent an email to Plaintiff stating that, "I am out till July 25th. Get with you then." The due date for the Proposed Scheduling Order is today, August 02, 2011, and Mr. Wier still has not responded to Plaintiff regarding Plaintiff's Proposed Scheduling Order and Proposed Discovery Plan.

Plaintiff is now filing the Proposed Scheduling Order in a timely manner as required by the rules of Court, although there is no agreement between the parties because Mr. Wier has not responded to Plaintiff's attempts to confer on the matter. Plaintiff is serving the Defendant and Co-Defendant with another Proposed Discovery Plan, and Plaintiff is also serving both the Defendant and the Co-Defendant with Plaintiff's First Set(s) of Interrogatories at this time. A Status Report on Discovery with an attached copy of Plaintiff's Proposed Discovery Plan is filed with the Court regarding Plaintiff's First Set(s) of Interrogatories that have been served on the Defendant and the Co-Defendant.

Respectfully submitted,

/s/ Jerry P. Stevens
Jerry P. Stevens
1516 South Lamar #112
Austin, Texas 78704
(512) 447-6556

## Verification

Per 28 U.S.C. §1746, I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that I am competent to make this Verification, that I have personal knowledge of the facts asserted in this Affidavit, and that the facts are true and correct.

Executed on 2nd day of August, 2011.

/s/ Jerry P. Stevens
Jerry P. Stevens, Declarant

## CERTIFICATE OF SERVICE

By my signature below, I certify that on this the 2nd day of August, 2011, I served a true and correct copy of this Affidavit and the attached Proposed Scheduling Order by certified mail on the following:

Keith Wier, Attorney for Defendant CardWorks Servicing, LLC., and Co-Defendant Advanta Bank Corp.
24 Greenway Plaza, Suite 1700
Houston, TX 77046

VIA CERTIFIED MAIL: 7010 2780 0000 9049 8731
On August 02, 2011.

/s/ Jerry P. Stevens
Jerry P. Stevens