# Plaintiff's

# Exhibit C

*"Defendant CardWorks Servicing, LLC's Response to Plaintiff's First Request for Production of Documents"*

# BUSH & RAMIREZ, L.L.C.

ATTORNEYS AT LAW
24 GREENWAY PLAZA, SUITE 1700
WESLAYAN AT SOUTHWEST FREEWAY
HOUSTON, TEXAS 77046

TEL: (713) 626-1555
FAX: (713) 622-8077

W. KEITH WIER
kwier@bushramirez.com

BOARD CERTIFIED IN CONSUMER AND COMMERCIAL LAW
by the Texas Board of Legal Specialization

September 15, 2011

**_Via Certified Mail RRR 7010 1060 0002 1614 5026_**
Jerry P. Stevens
1516 South Lamar # 12
Austin, Texas 78704

Re:   Case No. 1:11-cv-00397-LY; *Jerry P. Stevens v. CardWorks Servicing, LLC and Advanta Bank Corp.*; In the United States District Court for the Western District of Texas, Austin Division

Dear Mr. Stevens:

Please find enclosed the following document(s) in the above-referenced matter:

1) Defendant, CardWorks Servicing, LLC's Objections and Responses to Plaintiff's First Request for Production of Documents.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Tammy Oates
Secretary to Hollis G. Price, Jr.

/tdo

Enclosure

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JERRY P. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| v. | ) | 1:11-cv-00397-LY |
| | ) | |
| CARDWORKS SERVICING, LLC, and | ) | |
| ADVANTA BANK CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT CARDWORKS SERVICING, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     Plaintiff, Jerry P. Stevens, 1516 South Lamar #12, Austin, Texas 78704.

COMES NOW, Defendant CardWorks Servicing, LLC, (herein after referred to as "Defendant" or "Defendant CWS") and pursuant to the Federal Rules of Civil Procedure, serves these Objections and Responses to Plaintiff's First Request for Production.

Respectfully submitted,

**BUSH & RAMIREZ, L.L.C.**

W. Keith Wier, State Bar No. 21436100
Federal ID: 7930
Hollis G. Price, State Bar No. 16290020
Federal ID: 1149095
24 Greenway Plaza, Suite 1700
Houston, Texas 77046
713/626-1555 Telephone
713/622-8077 Facsimile

**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via e-mail, facsimile, and/or by certified mail, return receipt requested on this the 15th day of September, 2011, as follows:

**<u>*Via Certified Mail RRR 7010 1060 0002 1614 5026*</u>**
Jerry P. Stevens
516 South Lamar #12
Austin, Texas 78704

Hollis G. Price, Jr.

## **PRELIMINARY STATEMENT**

(A)    The following responses are based upon information presently available to Defendant which it believes to be correct.  Said responses are made without prejudice to Defendant's right to utilize subsequently discovered material.

(B)    No incidental or implied admission of fact by Defendant is made by the responses below.  The only admissions are expressed admissions.  The fact that Defendant has answered any request or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.  The fact that Defendant has answered part or all of any request is not intended to and shall not be construed to be a waiver by Defendant of all or any part of any objection by Defendant to the admissibility of evidence at trial or the relevance of the responses.

(C)    The responses to the requests may be supplemented by Defendant's further investigation and acquisition of information which it does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)    Defendant shows that, notwithstanding any of the "definitions" or preliminary instructions contained within Plaintiff's Requests, it will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)    As to any of the "definitions" which precede Plaintiff's Requests and which seek information or documents which include trial preparation and/or privileged materials or communications, Defendant objects.

(F)     The objections asserted by Defendant below are asserted in good faith, based upon counsel's evaluation of Defendant's discovery obligations under the Federal Rules of Civil Procedure.  Nevertheless, Defendant, through counsel, offers and stands ready to confer with the Plaintiff's counsel in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning Defendant's objections.

(G)     This preliminary statement is incorporated in each of the responses set forth below.

# DEFENDANT'S
## OBJECTIONS TO PLAINTIFF'S REQUESTS

Defendant objects to the material sought in Plaintiff's First Request for Production of Documents (hereinafter, the "Requests") to the extent that the Requests seek disclosure of Defendant's confidential and proprietary business information. Defendant further objects to the Requests to the extent that they seek the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom Defendant has a duty of confidentiality.

Defendant objects to the Requests to the extent they seek the discovery of information prepared in anticipation of litigation, trial preparation material, material protected by the work product doctrine and privilege, attorney-client privilege or material which is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Defendant objects to the release of any information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant construes these interrogatories to exclude documents, information and communications exchanged with counsel in this and other litigation.

Defendant objects to the Requests as they seek information which is immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the Requests as many terms utilized are without definition and are capable of numerous interpretations. The Requests would have Defendant speculate at its detriment as to the definition of said terms and, therefore, Defendant cannot properly respond.

Subject to, and without waiving the above and foregoing objections, provides the following responses to the Requests:

G:\06550\9351\Stevens\Discovery\CardWork's Objs & Resp to Plaintiff's RFP.doc

<u>Request for Production No. 1</u>:  Please produce all documents involving communications between you and any other entity, in which the communication in any way referenced Plaintiff and/or any of the numbers of the alleged account of Plaintiff.

**<u>Response to Request for Production No. 1</u>: Defendant CWS objects to Request for Production No. 1 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights.**

<u>Request for Production No. 2</u>:  Please produce all documents involving or constituting communications between you and Plaintiff, including any alleged contract between you and the Plaintiff.

**<u>Response to Request for Production No. 2</u>: Defendant CWS objects to Request for Production No. 2 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights.**

<u>Request for Production No. 3</u>:  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practice or procedure for retention dissemination or disposal of account data, during each of the years: 2007 through today.

**<u>Response to Request for Production No. 3</u>: Defendant CWS objects to Request for Production No. 3 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS**

provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.

Request for Production No. 4:  Please produce all material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Credit Reporting Act, Fair Debt Collection Practices Act and the TCPA, "Telephone Consumer Protections Act," including your policy manuals, procedure manuals, or other documents, which constitute Fair Credit Reporting Act manuals, or Fair Debt Collections Practices Act manuals, or TCPA manuals, provided to your employees, during each of the years: 2007 through today.

**Response to Request for Production No. 4: Defendant CWS objects to Request for Production No. 4 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant objects to this request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.**

**Privilege: Information that may be responsive to this request is confidential, proprietary, and privileged, and has been withheld pursuant to the trade secret privilege.**

Request for Production No. 5:  Please produce all financial reports and statement to investors and/or shareholders of the Defendant for the following years:  2007 to current.

**Response to Request for Production No. 5: Defendant CWS objects to Request for Production No. 5 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this**

action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.

Request for Production No. 6:  Please produce all documents which bear any identifiers(s) associated with Plaintiff and/or related to any of the numbers of the alleged account associated with the Plaintiff, including documents which evidence, constitute and/or address your communications with the Plaintiff or anyone acting on behalf of the Plaintiff.

**Response to Request for Production No. 6: Defendant CWS objects to Request for Production No. 6 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this discovery request as cumulative or duplicative and the information can be obtained from another source that is more convenient and less burdensome. Please see Request for Production Nos. 1 and 2.**

Request for Production No. 7:  Please produce all of your documents evidencing or including data concerning the names, address, telephone numbers, current employers and current whereabouts of each and every one of your employees who communicated with Plaintiff.

**Response to Request for Production No. 7: Defendant CWS objects to Request for Production No. 7 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS**

provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope. Additionally, this discovery requests seeks documentation that would violate the privacy rights of non-parties.

Request for Production No. 8:  Please produce your documents and/or correspondence in either your, or your attorney's possession[s] that refer or relate to any fact(s) which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, excluding letters between you and you attorney.

**Response to Request for Production No. 8: Defendant CWS objects to Request for Production No. 8 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, This request is further objected to because this Defendant believes that the Plaintiffs are essentially requesting the responding party to "marshal" all of its available proof or the proof the party intends to offer at trial.**

**Privilege: Information that may be responsive to this request is privileged and has been withheld pursuant to the work-product protection or the attorney/client privilege.**

Request for Production No. 9:  Please produce any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is

expected to or may testify in this cause, and copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

**Response to Request for Production No. 9**: **Defendant CWS objects to Request for Production No. 9 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this discovery request as this request seeks documentation in an impermissible form. Expert identification and release of expert reports and opinions are subject to the Court's scheduling order in this case and will be provided in accordance with that order.**

Request for Production No. 10:  Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action, and/or any consumer reporting agency, "Phillips and Cohen and Associates," or other debt/account collector, regarding Plaintiff's alleged account.

**Response to Request for Production No. 10**: **Defendant CWS objects to Request for Production No. 10 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.**

<u>Request for Production No. 11</u>:  Please produce any documents/contracts showing the paper trail of any alleged account that references the Plaintiff, i.e., the "sale," or "placement," of the alleged account (or of any information related to the alleged account) to Defendant CardWorks Servicing, LLC, or to/from any entity, or transfer to/from another entity, and/or transfer to/from any trust, etc.

**<u>Response to Request for Production No. 11</u>: Defendant CWS objects to Request for Production No. 11 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights.**

<u>Request for Production No. 12</u>:  Please produce all documents and/or contracts between Defendant and Co-Defendant Advanta Bank Corp and/or between Defendant and "Phillips and Cohen and Associates," regarding the Plaintiff, the alleged account, and/or collection of the alleged debt/account; including any and all documents/contracts in the Defendant's possession sent to or received from the Co-Defendant, Advanta Bank Corp., and/or sent to or received from "Phillips and Cohen and Associates," regarding Plaintiff or the alleged account of Plaintiff.

**<u>Response to Request for Production No. 12</u>: Defendant CWS objects to Request for Production No. 12 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 13: Please produce any insurance policies covering the Defendant for violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, or TCPA "Telephone Consumer Protections Act."

**Response to Request for Production No. 13: Defendant CWS objects to Request for Production No. 13 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this discovery request as cumulative or duplicative and the information can be obtained from another source that is more convenient and less burdensome. Please see Defendant's Disclosures provide pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.**

Request for Production No. 14: Please produce any documents showing any write-off or insurance payment and or business tax credit received by the Defendant referencing any alleged account associated with the Plaintiff.

**Response to Request for Production No. 14: Defendant CWS objects to Request for Production No. 14 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.**

Request for Production No. 15:  Please produce all income tax returns of the Defendant for the following years: 2007 to current.

**Response to Request for Production No. 15**: Defendant CWS objects to Request for Production No. 15 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.

Request for Production No. 16:  Please produce copies of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, or TCPA "Telephone Consumer Protections Act."

**Response to Request for Production No. 16**: Defendant CWS objects to Request for Production No. 16 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.  In addition, this Request is objectionable in that it is not relevant because it is not reasonably calculated to lead to the discovery of admissible information on the issues of liability or damages.

**Defendant further objects on the grounds that the information sought is public information and Plaintiff has ample opportunity to discover this information from public sources.**

Request for Production No. 17:  Please produce all documents relating to the alleged debt, or alleged "account" of Plaintiff and the collection thereof.

**Response to Request for Production No. 17: Defendant CWS objects to Request for Production No. 17 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 18:  Please produce all documents relating to Defendant's activities to collect debts or to "collect accounts" such as Plaintiff's alleged account/alleged debt.

**Response to Request for Production No. 18: Defendant CWS objects to Request for Production No. 18 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally,**

Request for Production No. 19:  Please produce all form letters, enclosures, envelopes, postcards, memoranda, etc. used by the Defendant in its debt collection, or "account collection" activity.

**Response to Request for Production No. 19: Defendant CWS objects to Request for Production No. 19 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS**

provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.

Request for Production No. 20:  Please produce an organizational chart for the Defendant.

**Response to Request for Production No. 20:** Defendant CWS objects to Request for Production No. 20 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.

Request for Production No. 21:  Please produce a list of all employees engaged in the collection of debts or "accounts" such as the debt/account Plaintiff allegedly owes, their positions and responsibilities.

**Response to Request for Production No. 21:** Defendant CWS objects to Request for Production No. 21 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.

Request for Production No. 22:  Please produce all internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

**Response to Request for Production No. 22: Defendant CWS objects to Request for Production No. 22 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement** which provides Defendant those rights. **Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.**

Request for Production No. 23:  Please produce all documents, memoranda, instructions, manuals, etc. of the Defendant surveying the number of notices sent and contracts made by the Defendant in the year *preceding* the date of the first call made to Plaintiff, and all reports, memoranda, etc., of the Defendant surveying the number of notices and contacts sent by the Defendant *since* the date of the first call made to Plaintiff.

**Response to Request for Production No. 23: Defendant CWS objects to Request for Production No. 23 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome and overly broad in scope. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.**

Request for Production No. 24:  Please produce all operation manuals or similar documents, etc., utilized by the Defendant.

**Response to Request for Production No. 24: Defendant CWS objects to Request for Production No. 24 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.**

Request for Production No. 25:  Please produce all documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, or TCPA "Telephone Consumer Protections Act."

**Response to Request for Production No. 25: Defendant CWS objects to Request for Production No. 25 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 26:  Please produce all documents relating to the Defendant's procedures to provide verification and/or validation of an alleged debt.

**Response to Request for Production No. 26: Defendant CWS objects to Request for Production No. 26 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this**

action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights.

<u>Request for Production No. 27</u>:  Please produce all documents relating to the Defendant's association with a consumer reporting agency, if any.

**Response to Request for Production No. 27**: Defendant CWS objects to Request for Production No. 27 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as unduly burdensome and overly broad in scope. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.

<u>Request for Production No. 28</u>:  Please produce all exhibits which Defendant proposes to introduce at trial.

**Response to Request for Production No. 28**: Defendant CWS objects to Request for Production No. 28 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this requests on the basis that it exceeds and violates the scope of permissible discovery request.  This request is further objected to because this Defendant believes that the Plaintiffs are essentially requesting the responding party to "marshal" all of its available proof or the proof the party intends to offer at trial.

<u>Request for Production No. 29</u>:  Please produce all documents relating to Defendant's automated calling system, which calling system is for the purpose of collecting alleged debts/accounts.

**<u>Response to Request for Production No. 29</u>: Defendant CWS objects to Request for Production No. 29 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome.**

<u>Request for Production No. 30</u>:  Please produce all telephone records showing all calls made from Defendant to Plaintiff.

**<u>Response to Request for Production No. 30</u>: Defendant CWS objects to Request for Production No. 30 on the basis that this Court does not have subject matter jurisdiction. Defendant CWS asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant CWS elects to exercise those arbitration rights, and Defendant CWS provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.**