# Plaintiff's

# Exhibit D

*"Co-Defendant Advanta Bank Corp.'s Response to Plaintiff's First Request for Production of Documents"*

# BUSH & RAMIREZ, L.L.C.

ATTORNEYS AT LAW
24 GREENWAY PLAZA, SUITE 1700
WESLAYAN AT SOUTHWEST FREEWAY
HOUSTON, TEXAS 77046

TEL: (713) 626-1555
FAX: (713) 622-8077

W. KEITH WIER                                          BOARD CERTIFIED IN CONSUMER AND COMMERCIAL LAW
kwier@bushramirez.com                                         by the Texas Board of Legal Specialization

September 15, 2011

**_Via Certified Mail RRR 7010 1060 0002 1614 5019_**
Jerry P. Stevens
1516 South Lamar # 12
Austin, Texas 78704

     Re:    Case No. 1:11-cv-00397-LY; *Jerry P. Stevens v. CardWorks Servicing, LLC and Advanta Bank Corp.*; In the United States District Court for the Western District of Texas, Austin Division

Dear Mr. Stevens:

    Please find enclosed the following document(s) in the above-referenced matter:

1) Defendant, Advanta Bank Corp.'s Objections and Responses to Plaintiff's First Request for Production of Documents.

    Should you have any questions, please do not hesitate to contact me.

                    Very truly yours,

                    Tammy Oates
                    Secretary to Hollis G. Price, Jr.

/tdo

Enclosure

G:\06550\9351\Stevens\Correspondence\Stevens.007 - Ans to RFP Advanta.doc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JERRY P. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| v. | ) | 1:11-cv-00397-LY |
| | ) | |
| CARDWORKS SERVICING, LLC, and | ) | |
| ADVANTA BANK CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT CARDWORKS SERVICING, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Plaintiff, Jerry P. Stevens, 1516 South Lamar #12, Austin, Texas 78704.

COMES NOW, Defendant CardWorks Servicing, LLC, (herein after referred to as "Defendant" or "Defendant CWS") and pursuant to the Federal Rules of Civil Procedure, serves these Objections and Responses to Plaintiff's First Request for Production.

Respectfully submitted,

**BUSH & RAMIREZ, L.L.C.**

W. Keith Wier, State Bar No. 21436100
Federal ID: 7930
Hollis G. Price, State Bar No. 16290020
Federal ID: 1149095
24 Greenway Plaza, Suite 1700
Houston, Texas 77046
713/626-1555 Telephone
713/622-8077 Facsimile

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via e-mail, facsimile, and/or by certified mail, return receipt requested on this the 15th day of September, 2011, as follows:

**_Via Certified Mail RRR 7010 1060 0002 1614 5019_**
Jerry P. Stevens
516 South Lamar #12
Austin, Texas 78704

Hollis G. Price, Jr.

## PRELIMINARY STATEMENT

(A)     The following responses are based upon information presently available to Defendant which it believes to be correct.  Said responses are made without prejudice to Defendant's right to utilize subsequently discovered material.

(B)     No incidental or implied admission of fact by Defendant is made by the responses below.  The only admissions are expressed admissions.  The fact that Defendant has answered any request or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.  The fact that Defendant has answered part or all of any request is not intended to and shall not be construed to be a waiver by Defendant of all or any part of any objection by Defendant to the admissibility of evidence at trial or the relevance of the responses.

(C)     The responses to the requests may be supplemented by Defendant's further investigation and acquisition of information which it does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     Defendant shows that, notwithstanding any of the "definitions" or preliminary instructions contained within Plaintiff's Requests, it will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Requests and which seek information or documents which include trial preparation and/or privileged materials or communications, Defendant objects.

(F)     The objections asserted by Defendant below are asserted in good faith, based upon counsel's evaluation of Defendant's discovery obligations under the Federal Rules of Civil Procedure.  Nevertheless, Defendant, through counsel, offers and stands ready to confer with the Plaintiff's counsel in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning Defendant's objections.

(G)     This preliminary statement is incorporated in each of the responses set forth below.

## DEFENDANT'S
## OBJECTIONS TO PLAINTIFF'S REQUESTS

Defendant objects to the material sought in Plaintiff's First Request for Production of Documents (hereinafter, the "Requests") to the extent that the Requests seek disclosure of Defendant's confidential and proprietary business information. Defendant further objects to the Requests to the extent that they seek the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom Defendant has a duty of confidentiality.

Defendant objects to the Requests to the extent they seek the discovery of information prepared in anticipation of litigation, trial preparation material, material protected by the work product doctrine and privilege, attorney-client privilege or material which is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Defendant objects to the release of any information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant construes these interrogatories to exclude documents, information and communications exchanged with counsel in this and other litigation.

Defendant objects to the Requests as they seek information which is immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the Requests as many terms utilized are without definition and are capable of numerous interpretations. The Requests would have Defendant speculate at its detriment as to the definition of said terms and, therefore, Defendant cannot properly respond.

Subject to, and without waiving the above and foregoing objections, provides the following responses to the Requests:

Request for Production No. 1:  Please produce all documents involving communications between you and any of the following persons, in which the communication in any way referenced Plaintiff and/or any of their personal identifiers, personal information, and/or any of the numbers of the alleged account:

    a.  Equifax Credit Information Services, Inc.;

    b.  Trans Union formally known as TRW Corporation;

    c.  Experian Information Solutions LLC;

    d.  Any other consumer reporting agency;

    e.  Any other creditor or loan company;

    f.  Any third-party debt-collector/account collector.

**Response to Request for Production No. 1:  Defendant ABC objects to Request for Production No. 1 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 2:  Please produce all documents involving or constituting communications between you and Plaintiff.

**Response to Request for Production No. 2:  Defendant ABC objects to Request for Production No. 2 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 3:  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data to any consumer reporting agency, during each of the years: 2007 through today.

**Response to Request for Production No. 3:  Defendant ABC objects to Request for Production No. 3 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome.**

Request for Production No. 4:  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedure for altering previously reported data to any consumer reporting agency, during each of the years: 2007 through today.

**Response to Request for Production No. 4:  Defendant ABC objects to Request for Production No. 4 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome.**

Request for Production No. 5:  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practice or procedure for retention dissemination or disposal of account data, during each of the years: 2007 through today.

**Response to Request for Production No. 5**:  **Defendant ABC objects to Request for Production No. 5 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome. Further, the discovery request asks for documentation that is not relevant to the claim or defense of any party.**

Request for Production No. 6:  Please produce your policy manuals, procedure manuals, or other documents, which constitute Fair Credit Reporting Act or Truth In Lending Act, manuals provided to your employees, during the years: 2007 through today.

**Response to Request for Production No. 6**:  **Defendant ABC objects to Request for Production No. 6 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome.**

 Request for Production No. 7:  Please produce your policy manuals, procedure manuals or other documents, which are provided to your employees concerning retention, alteration, correct, dissemination or disposal of data provided to any consumer reporting agency, during each of the years: 2007 through today.

**Response to Request for Production No. 7**:  Defendant ABC objects to Request for Production No. 7 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome.

Request for Production No. 8:  Please produce your documents, manuals or other recorded data, concerning your subscriber relationships with Experian, Trans Union LLC, formally known as TRW and/or Equifax Credit Information Services, Inc., and/or any other consumer reporting agency.

**Response to Request for Production No. 8**:  Defendant ABC objects to Request for Production No. 8 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome.

Request for Production No. 9:  Please produce all financial reports and statement to investors and/or shareholders of the Defendant for the following years:  2007 to current.

**Response to Request for Production No. 9**:  Defendant ABC objects to Request for Production No. 9 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this

**action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.**

Request for Production No. 10:  Please produce your documents which evidence, constitute and/or address your policies, procedure and guidelines for handling Consumer Dispute Verifications [CDV's] which you received from any consumer reporting agency[ies], in each of the following years: 2007 through today.

**Response to Request for Production No. 10:  Defendant ABC objects to Request for Production No. 10 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome.**

Request for Production No. 11:  Please produce your policy manuals, procedure manuals, or other documents, which are provided to your employees concerning credit request processing guidelines, during each of following years: 2007 through today.

**Response to Request for Production No. 11:  Defendant ABC objects to Request for Production No. 11 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Additionally, defendant specifically objects to this request as overly broad and unduly burdensome.

Request for Production No. 12:  Please produce all documents which bear any identifier(s) associated with Plaintiff and/or related to any of the numbers of the alleged account associated with the Plaintiff.

**Response to Request for Production No. 12:  Defendant ABC objects to Request for Production No. 12 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 13:  Please produce all of your documents evidencing or including data concerning the names, address, telephone numbers, current employers and current whereabouts of each and every one of your employees who communicated with Plaintiff.

**Response to Request for Production No. 13:  Defendant ABC objects to Request for Production No. 13 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope. Additionally, this discovery requests seeks documentation that would violate the privacy rights of non-parties.**

Request for Production No. 14:  Please provide a complete audit trail of any document(s),

computer(s), or other data held by you which indicate, address or discuss modifying or amending

any information regarding Plaintiff reported by you.

**Response to Request for Production No. 14:  Defendant ABC objects to Request for**

**Production No. 14 on the basis that this Court does not have subject matter jurisdiction.**

**Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this**

**action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC**

**provides herein a copy of the arbitration agreement which provides Defendant those rights.**

**Additionally, defendant specifically objects to this request as overly broad and unduly**

**burdensome in that it is not limited in time and overly broad in scope.**

Request for Production No. 15:  Please produce all documents which constitute consumer

dispute verification (CDV's), Universal Data correction forms, correspondence with any

consumer reporting agency, data deletion forms, or other documents which you claim and or

request an alteration and/or deletion of data you had reported about Plaintiff, which contained

any one of Plaintiff's personal identifiers and/or listed and of the account numbers relating to the

Plaintiff.

**Response to Request for Production No. 15:  Defendant ABC objects to Request for**

**Production No. 15 on the basis that this Court does not have subject matter jurisdiction.**

**Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this**

**action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC**

**provides herein a copy of the arbitration agreement which provides Defendant those rights.**

**Additionally, defendant specifically objects to this request as overly broad and unduly**

**burdensome in that it is not limited in time and overly broad in scope.**

<u>Request for Production No. 16</u>:  Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by the following persons:

      a.   Equifax Credit Information Services, Inc.;

      b.   Equifax Credit Information Services LLC;

      c.   Trans Union and Trans Union Credit Corporation formally known as TRW Corporation;

      d.   Experian Information Solutions LLC;

      e.   Any other consumer reporting agency;

      f.   Any other creditor or loan company;

**<u>Response to Request for Production No. 16</u>:  Defendant ABC objects to Request for Production No. 16 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.**

<u>Request for Production No. 17</u>:  Please produce your documents which evidence, constitute, and/or address your communications with the Plaintiff or anyone acting on behalf of the Plaintiff.

**Response to Request for Production No. 17**:  Defendant ABC objects to Request for Production No. 17 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this discovery request as cumulative or duplicative and the information can be obtained from another source that is more convenient and less burdensome. Please see Request for Production No. 1.

Request for Production No. 18:  Please produce your documents and/or correspondence in either your, or your attorney's possession[s] that refer or relate to any fact(s) which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, excluding letters between you and you attorney.

**Response to Request for Production No. 18**:  Defendant ABC objects to Request for Production No. 18 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, This request is further objected to because this Defendant believes that the Plaintiffs are essentially requesting the responding party to "marshal" all of its available proof or the proof the party intends to offer at trial.

**Privilege: Information that may be responsive to this request is privileged and has been withheld pursuant to the work-product protection or the attorney/client privilege.**

<u>Request for Production No. 19</u>: Please produce any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause.

**<u>Response to Request for Production No. 19</u>:  Defendant ABC objects to Request for Production No. 19 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this discovery request as this request seeks documentation in an impermissible form. Expert identification and release of expert reports and opinions are subject to the Court's scheduling order in this case and will be provided in accordance with that order.**

<u>Request for Production No. 20</u>:  Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action, and/or any consumer reporting agency, "Phillips and Cohen and Associates," "CardWorks Servicing LLC," or any other debt/account collector, regarding Plaintiff's alleged account.

**<u>Response to Request for Production No. 20</u>:  Defendant ABC objects to Request for Production No. 20 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

**Additionally, defendant specifically objects to this request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope.**

Request for Production No. 21: Please produce any documents/contracts showing the paper trail of any alleged account that references the Plaintiff, i.e., the "sale," or "placement," of the alleged account (or of any information related to the alleged account) to Defendant CardWorks Servicing, LLC, or to/from any entity, or transfer to/from another entity, and/or transfer to/from any trust, etc.

**Response to Request for Production No. 21: Defendant ABC objects to Request for Production No. 21 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights**

Request for Production No. 22: Please produce all documents and/or contracts between Co-Defendant and Defendant CardWorks Servicing, LLC., and/or between Co-Defendant and "Phillips and Cohen and Associates," regarding the Plaintiff, the alleged account, and/or collection of his alleged debt/account.

**Response to Request for Production No. 22: Defendant ABC objects to Request for Production No. 22 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 23: Please produce all documents/contracts in the Co-Defendant's possession sent to or received from the Defendant, CardWorks Servicing, LLC., and/or sent to or

received from "Phillips and Cohen and Associates," regarding Plaintiff or the alleged account of Plaintiff.

**Response to Request for Production No. 23:  Defendant ABC objects to Request for Production No. 23 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 24:  Please produce any insurance policies covering the Co-Defendant for violations of the Fair Credit Reporting Act.

**Response to Request for Production No. 24:  Defendant ABC objects to Request for Production No. 24 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, defendant specifically objects to this discovery request as cumulative or duplicative and the information can be obtained from another source that is more convenient and less burdensome. Please see Defendant's Disclosures provide pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.**

Request for Production No. 25:  Please produce any documents showing any write-off or insurance payment and or business tax credit received by the Co-Defendant referencing any alleged account associated with the Plaintiff.

**Response to Request for Production No. 25:   Defendant ABC objects to Request for Production No. 25 on the basis that this Court does not have subject matter jurisdiction.**

Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.

Request for Production No. 26:  Please produce all copies of any litigation filed against the Co-Defendant alleging violations of the Fair Credit Reporting Act.

**Response to Request for Production No. 26**:  Defendant ABC objects to Request for Production No. 26 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and overly broad in scope. Further, the discovery request asks for documentation that is not relevant to the claim or defense of any party. Defendant further objects on the grounds that the information sought is public information and Plaintiff has ample opportunity to discover this information from public sources.

Request for Production No. 27:  Please produce all material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Credit Reporting Act.

**Response to Request for Production No. 27:**  Defendant ABC objects to Request for Production No. 27 on the basis that this Court does not have subject matter jurisdiction.

**Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 28:  Provide a Current Copy of the Plaintiff's Original Application for the alleged account, or any application for credit relating to the Plaintiff and or account No. 558418001308XXXX, including but not limited to the front and back of the application and including all identifying CUSIP number(s), (Committee on Uniform Security Identification Procedures) assigned to the document.

**Response to Request for Production No. 28:  Defendant ABC objects to Request for Production No. 28 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights.**

Request for Production No. 29:  Please produce all income tax returns of the Defendant for the following years: 2007 to current.

**Response to Request for Production No. 29:  Defendant ABC objects to Request for Production No. 29 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, the discovery request asks for documentation that is not relevant to the claim or defense of any party.**

Request for Production No. 30:  Please produce all exhibits which Co-Defendant proposes to introduce at trial.

**Response to Request for Production No. 30:  Defendant ABC objects to Request for Production No. 30 on the basis that this Court does not have subject matter jurisdiction. Defendant ABC asserts that Plaintiff has agreed to arbitrate the claims brought in this action, Defendant ABC elects to exercise those arbitration rights, and Defendant ABC provides herein a copy of the arbitration agreement which provides Defendant those rights. Additionally, Defendant specifically objects to this requests on the basis that it exceeds and violates the scope of permissible discovery request.  This request is further objected to because this Defendant believes that the Plaintiffs are essentially requesting the responding party to "marshal" all of its available proof or the proof the party intends to offer at trial.**