IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JERRY P. STEVENS, ) | |
| ) | |
|     Plaintiff, ) | Civil Action File No. |
| v. ) | 1:11-cv-00397-LY |
| ) | |
| CARDWORKS SERVICING, LLC, and ) | |
| ADVANTA BANK CORP. ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR JOINDER OF PARTIES**

NOW COMES Defendants CardWorks Servicing, LLC and Advanta Bank Corp., (hereinafter referred to as "Defendants") and without waiving the present pending Motion to Compel Arbitration and Stay Further Proceedings Including Discovery [Doc. 42] and files this Opposition to Plaintiff's Verified Motion for Joinder of Parties. In support, Defendants show as follows:

**BACKGROUND**

*Pro se* plaintiff Jerry Stevens (hereinafter referred to as "Plaintiff") has alleged various violations of the Fair Debt Collections Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq,* the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 against Defendants regarding telephone calls. Plaintiff now moves to join his wife as a party as to the TCPA claims. [Doc. 48] After "careful consideration and research into the TCPA" Plaintiff alleges his wife has a TCPA claim. [Doc. 48] Through Plaintiff, "Ms. Stevens asserts her right to relief…" [Doc. 48] However, Plaintiff's wife failed to move for joinder, signed the motion or retain counsel to represent her.

Plaintiff is not an attorney and is attempting to assert a claim on behalf of his wife, which under Texas law is the unauthorized practice of law.  Furthermore, Plaintiff and his wife have failed to show a common question of law or fact.  Therefore, Plaintiff's motion should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

1. **Standard for Rule 20(a) Motion for Joinder**

Fed.R.Civ.P. 20(a) permits a person to join in one action if: 1) they assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and 2) there are common questions of law or fact.[1]  However, the allegation that claims arise out of the same general law does not necessarily establish a common question of fact or law.[2] Furthermore, parties that are joined under Fed.R.Civ.P. 19 and 20 must independently satisfy the jurisdictional requirements.[3]

   A. **Plaintiff Failed To Establish A Common Question Of Fact Or Law Based On A General TCPA Claim**

Plaintiff now claims the telephone calls made by CardWorks Servicing, LLC were made to his wife's cell phone in violation of the TCPA. [Doc.]  Plaintiff has simply asserted that both he and his wife have a claim against CardWorks Servicing, LLC for violating the TCPA.  Simply asserting his wife has a claim under the same general law does not necessarily establish a common question of fact or law.  Nowhere in Plaintiff's motion does he provide any information regarding whether this Court has subject matter jurisdiction over his wife's TCPA claim.  Plaintiff's failure to show a common question of fact or law or provide a basis for subject matter jurisdiction for Ms. Stevens' claim is fatal to his motion and the motion should be denied.

---

[1] *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (7th Cir. 1997).
[2] *Id.*
[3] *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.,* 500 F.3d 171, 179 (2nd Cir. 2007).

G:\06550\9351\Stevens\Pleadings\Opposition to Motion for Joinder.docx

### B. Plaintiff Is Committing Unauthorized Practice Of Law By Providing Legal Advice To His Wife, Asserting A Claim On Her Behalf And Managing The Litigation

The "practice of law is defined as:

[T]he preparation of a pleading or other document incident to an action or special proceeding or the management of an action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including giving of advice or the rendering of any service requiring the use of legal skill or knowledge…[4]

A litigant has the right to represent himself or herself without a lawyer.[5] However, this right does not include the right to represent others with similar claims.[6] The practice of law by non-lawyers is prohibited.[7]

In Plaintiff's motion for joinder, Plaintiff states "after careful consideration and research into the TCPA, it is clear that Ms. Stevens has a claim…" [Doc. 48] Plaintiff goes further in stating "Ms. Stevens asserts her right to relief…" [Doc. 48] Only Plaintiff has signed the motion, not his wife. Presumably, after Plaintiff performed his research he advised his wife of her claim, which under Texas law is the practice of law. Plaintiff then drafted and filed this motion, asserting a claim on behalf of his wife, which under Texas law is the practice of law in Texas. All the above actions are prohibited because Plaintiff is not licensed to practice law. By providing legal advice to his wife, asserting claims on her behalf and attempting to manage this litigation, Plaintiff is engaged in the unauthorized practice of law; therefore, Plaintiff's motion for joinder should be dismissed.

---

[4] Tex. Gov't Code Ann. § 81.101(a) (2012).
[5] *Benavides v. Rocha,* 1996 Tex. App. LEXIS 1693, 10 (1996)(see also, *Ayres v. Canales,* 790 SW. 2d 554, 557 (Tex. 1990)).
[6] *Id.*
[7] *Id.*

## CONCLUSION

Plaintiff's motion for joinder should be denied because he has failed to show a common question of law or fact. Furthermore, by attempting to assert a claim on his wife's behalf, Plaintiff is participating in the practice of law, which is prohibited by a non-attorney.

Respectfully submitted,

**BUSH & RAMIREZ, LLC**

//s// Keith Wier
Keith Wier; SBN: 21436100
Fed. I.D. 7930
5615 Kirby Dr., Suite 900
Houston, TX 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077

**ATTORNEYS FOR DEFENDANT,
CARDWORKS SERVICING, LLC
AND ADVANTA BANK CORP.**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been electronically filed using the CM/ECF system on this 30th day of January, 2012, and was provided to Plaintiff by certified U.S. mail, return receipt requested, as follows:

Jerry P. Stevens*via cmrrr #7010 1060 0002 1614 0458*
1516 South Lamar #112
Austin, TX 78704


//s// Keith Wier
Keith Wier