IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JERRY P. STEVENS,<br>　　　PLAINTIFF,<br><br>V.<br><br>CARDWORKS SERVICING, LLC,<br>　　　DEFENDANT,  AND<br>ADVANTA BANK CORP.,<br>　　　CO-DEFENDANT. | §<br>§<br>§<br>§<br>§  CASE NO.  1:11-CV-00397-LY<br>§  Trial By Jury Demanded<br>§  Civil Rights Violations<br>§<br>§ |

## PLAINTIFF'S VERIFIED MOTION TO STRIKE DECLARATION OF CRAIG T. MCQUILLAN

COMES NOW the Plaintiff, Jerry P. Stevens, and files this Motion to Strike Declaration of Craig T. McQuillan on the grounds of disputed facts set forth in Plaintiff's support affidavit as follows:

1.　THAT I have researched, learned, and believe that Defendants' supporting Declaration of Craig T. McQuillan attached to their Motion to Compel Arbitration is defective and insufficient with respect to material facts in light of the Rules of Evidence 602 and 1002 addressed below. I dispute the sufficiency of Craig T. McQuillan's Declaration in support of Defendants' Motion to Compel Arbitration, and any allegations or presumptions to the contrary is rebutted,

2.　THAT Craig T. McQuillan, hereinafter known as "McQuillan," begins his affidavit by stating that "This Declaration is based upon my own personal knowledge and if called upon to testify, the content of this Declaration would be my

testimony as to the things stated herein." I dispute the allegation that McQuillan has personal knowledge of anything relative to the alleged "account" in issue,

3. THAT throughout his "Declaration," McQuillan failed to provide any evidentiary foundation as to when, where or how he received and reviewed the records allegedly in possession, custody and control of either Advanta Bank Corp. or CardWorks Servicing, LLC., in violation of Rules of Evidence 602,

4. THAT McQuillan throughout his "Declaration" failed to specify what facts or information, if any, that he has personal knowledge of. I dispute that McQuillan has personal knowledge of material facts relative to said alleged "account" and hereby rebut any allegation of presumption to the contrary,

5. THAT it appears from the record that no original documents generated by Advanta or CardWorks have been filed with McQuillan's "Declaration" in violation of Rules of Evidence 1002, and I believe McQuillan could not have personal knowledge of the purported alleged documentary evidence. Any allegation, presumption or prima facie evidence to the contrary is hereby rebutted,

6. THAT McQuillan never stated in his "Declaration" how long he has been employed by CardWorks Servicing, LLC., or what his starting date of employment was. I dispute the allegation that McQuillan has personal knowledge of anything relative to the alleged "account" in issue, since he has made no declaration under penalty of perjury that he was actually employed at the time of any of the events he is testifying to in his "Declaration," and neither is there any evidentiary documentation provided by a competent fact witness proving that McQuillan was

actually employed by CardWorks Servicing, LLC, at the time of any of the events he is testifying to in his "Declaration,"

7. THAT regarding McQuillan's statements in paragraph 3 concerning the alleged actions of and relationships between Advanta, Utah DOFI, FDIC, Deutsche Bank, et al, McQuillan has failed to demonstrate any personal knowledge. He has not declared that he was ever a representative or an employee of Advanta or any other relevant entity involved in business dealings he alleges took place between those entities, nor is there any competent fact witness affidavit submitted by anyone employed by Advanta or any of the other entities to support his statements, nor is there any evidence provided by any competent fact witness to support his statements, nor is there any documentation provided from public records to support these statements, thus these statements are not McQuillan's personal testimony,

8. THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 4, as he has not declared that he personally handled this alleged business transaction on behalf of CardWorks, nor has he declared the date of such alleged transaction, nor that he was even an employee of CardWorks at the "time," nor is there any competent fact witness declaration or any evidentiary documentation provided by a competent fact witness in support of his statement,

9. THAT regarding the "business records" he refers to in paragraphs 5 and 6 of his "Declaration," and regarding the "account placement" records he refers to in paragraph 7 of his "Declaration," McQuillan did not say that he was the custodian of these "records" or that he works in CardWorks Servicing, LLC's "records"

department, or supervised the custodian of the "records", etc., he provided no evidentiary foundation for personal credibility per Rule 602., and he has provided no declaration or other evidence that he has personal knowledge that *any* of those documents "were created at or near the time of the transactions described therein,"

10. THAT McQuillan failed to make any statement as to the significance of his position or title in connection to his office with the "records" he alleged to have personal knowledge of, i.e., there is no evidentiary foundation as to the relevance of his purported position with CardWorks Servicing, LLC., and the material facts,

11. THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 9 of his "Declaration" since he does not declare that he personally received this alleged "application," nor is his signature on this alleged document, nor does he declare that he was ever employed by Advanta Bank Corp. at all at any point in time. There is no competent fact witness affidavit submitted by anyone employed by Advanta Bank Corp to testify to the existence of such an alleged "application" in support of McQuillan's statement in paragraph 9, thus his statement is not personal testimony but rather hearsay,

12. THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 10 of his "Declaration," that the alleged "account" is unpaid, or that the alleged "account" was "originated by Advanta on or about May 1, 2007 to Jerry Stevens Piano Service...," as he has not declared he was ever an employee of Advanta nor that he personally was responsible for "originating" the account, nor is there any competent fact witness declaration provided by anyone from Advanta or

other evidentiary documentation provided by a competent fact witness to support McQuillan's statement in paragraph 10, thus it is not personal testimony,

13.     THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 11-12 of his "Declaration," regarding his statements that "the guarantor on the account is Jerry Stevens.." and that "Stevens was sent both a credit card... and a copy of the agreement entitled "Advanta Business Card Agreement...," as he has not declared he was ever an employee of Advanta nor that he personally was responsible for setting up any such account designating "Jerry Stevens as the guarantor", nor has he declared that he personally mailed a "credit card" or a copy of any alleged "agreement" to Plaintiff, nor is there any competent fact witness declaration made by anyone from Advanta, or any evidentiary documentation provided by a competent fact witness to support McQuillan's statements in paragraph 11-12, thus it is not personal testimony but hearsay,

14.     THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 13-14, and 16 of his "Declaration," regarding his statements that attached is "A true and correct copy of the Credit Card Agreement," and "Pursuant to the terms of the Credit Card Agreement, the Credit Card Account was modified by Advanta in 2008...," and "A true and correct copy of the modified Credit Card Agreement is attached...," since he has not declared he was ever an employee of Advanta to be able to personally testify that these documents are indeed official business documents of Advanta as he claims they are, nor is there any competent fact witness declaration made by anyone from Advanta to support McQuillan's

statements in paragraph 13-14 and 16, thus it is not personal testimony but rather hearsay, and furthermore McQuillan even admits in paragraph 15 that he "has been *informed* that...Stevens [was] sent a copy..." *(emphasis added)*,

15. THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 17 that "Stevens made purchases on behalf of Stevens Piano Service using the Credit Card Account subsequent to his receipt of the Credit Card Agreement and the Modified Credit Card Agreement,"

16. THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 18 that his attached Exhibit "F" is indeed a "true and correct copy of credit card statements describing the use of the Credit Card Account and the dates thereof...," as McQuillan has not declared he was ever an employee of Advanta nor is there any competent fact witness declaration made by anyone from Advanta to support McQuillan's statements in paragraph 18, these alleged "statements" could have been composed by anyone on a computer word processor, thus it is not personal testimony but rather hearsay, and furthermore any alleged "statements" are not proof of any debt or the use of any alleged account by Plaintiff,

17. THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 19 that "Stevens Piano Service defaulted on the Credit Card Account and the account was charged-off on June 30, 2009," as McQuillan has not declared he was ever an employee of Advanta nor is there any competent fact witness declaration made by anyone from Advanta, nor is there any evidentiary documentation provided by a competent fact witness in support of his statement,

there is no evidence of any alleged "account" being "charged-off," no official accounting records have been submitted by Advanta to support such an assertion,

18.  THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 20 that "The Credit Card Account was placed with CardWorks for collection in August, 2010," as McQuillan has not declared the beginning date of his employment with CardWorks Servicing, LLC, nor has he declared that he was personally responsible for handling the "placement" of this alleged "account" with CardWorks for collection in August, 2010, nor is there any competent fact witness declaration of anyone at Cardworks to support McQuillan's statement in paragraph 20, nor has any evidentiary documentation been provided by a competent fact witness to such an allegation, thus it is not personal testimony,

19.  THAT McQuillan failed to demonstrate anything to back up his claim in paragraph 21 that "CardWorks does not own the account," yet he repeatedly states throughout his "Declaration" that the "account" was "placed" with CardWorks. He never explains just exactly what "placed with CardWorks" means, and thus his statements that any alleged "account" has been "placed with CardWorks" is uncertain, impermissibly vague, proves nothing relevant to the instant issues, and is ineffective and insufficient for ascertaining the truth pursuant to Rules of Evidence 611(a), and I hereby rebut any allegation of presumption to the contrary,

20.  THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 22 that "The Credit Card Agreement... and the Modified Credit Card Agreement... comprise the complete agreement between Advanta and

Plaintiff," as McQuillan has not declared that he represents Advanta as a party to any such alleged agreement, nor is there any competent fact witness declaration made by anyone from Advanta to support his statements in paragraph 19, nor has any evidentiary documentation been provided by a competent fact witness to support his statement, thus it is not personal testimony. Moreover, McQuillan has repeatedly failed to provide a foundation or basis for establishing the purported truth and accuracy of the chain of custody of all documents, events, and "facts" he has testified to in his "Declaration," and I hereby rebut any allegation of presumption to the contrary,

21.   THAT McQuillan failed to demonstrate any personal knowledge of his statement in paragraph 23 that this alleged "account" is "defaulted,"

22.   THAT unverified, unauthenticated, unendorsed, possibly altered copies of, and potentially even wholesale fabrications of, documents are included with McQuillan's "Declaration" as Exhibits A - E, which are referred to in paragraphs 6, 9, 13, 16, and 18, each as being deemed a "true and correct copy", but he provides no foundation or basis for establishing their purported truth and accuracy, and any allegations or presumptions of their accuracy or validity are hereby rebutted,

23.   THAT I am not in receipt of a verified copy of the complete set of original bookkeeping journal or account ledger entries for the alleged "account" referenced in his "Declaration," showing debits and credits and identifying the source(s) of alleged money allegedly lent to Plaintiff or any business entity bearing Plaintiff's name, and any allegations or presumptions to the contrary are hereby rebutted,

24. THAT I have researched, learned and believe that McQuillan's "Declaration" is defective, misleading, false and insufficient on its face for numerous reasons stated herein to support Defendants' Motion to Compel Arbitration,

25. THAT I have researched, learned and believe that McQuillan committed perjury in the first degree when he swore falsely of his personal knowledge in his "Declaration," and that his false statements are material to the proceeding,

26. THAT Defendants' assertion in their Reply to Plaintiff's Response to Defendants' Motion to Compel Arbitration of, "it is undisputed that the [arbitration agreement] governs the agreement between the parties," is false, moreover *all* their assertions of "undisputed facts" in their Reply are false, and furthermore everything about any alleged "agreement" between Plaintiff and Defendants has always been, and currently is, completely in dispute. Plaintiff's discussion in his Response to Defendants' Motion to Compel Arbitration was strictly within the context of proving the alleged arbitration agreement as being completely unenforceable even *if* one were to *hypothetically presume* the alleged including contract itself to be valid, and that is why Plaintiff did not "challenge the validity of the contract" within the context of that *particular* discussion. Plaintiff does not stipulate to the validity of any alleged contract or agreement with Defendants whatsoever, and Defendants have submitted no evidence and no sufficient competent fact witness declarations to prove the validity of any such alleged agreement. If however, the Court determines that there does exist a valid contract between the parties, the alleged included arbitration agreement is unenforceable and the severability clause cannot apply for

the reasons stated in Plaintiff's Response, even if the agreement is *presumed* valid. Furthermore Plaintiff disputes that Defendants never actually sought "consumer arbitration." *If* Defendants have never sought "consumer arbitration" as claimed in their Reply, but rather *if* they seek "commercial arbitration" because they claim the "account" is a "business" account, and yet they admit the only types of disputes the NAF ever arbitrated were "consumer" disputes, then Plaintiff must ask the obvious question – why do Defendants assert that Advanta designated the NAF as the sole, mandatory arbitration entity as part of an alleged "commercial" card agreement? Defendants can't have it both ways.

<u>Conclusion</u>

27.   Based on the above, Plaintiff respectfully moves the Court to strike the Declaration of Craig T. McQuillan as defective and insufficient as it fails to satisfy Rules of Evidence 602 and 1002, and that the Court deny Defendants' Motion to Compel Arbitration, as the statements and arguments of Defendants' counsel are not sufficient for purposes of granting a motion to compel arbitration without valid affidavits by competent fact witnesses from both Advanta and CardWorks Servicing LLC., – *Trinsey v. Pagliaro* D.C. Pa. 1964, 229 F. Supp. 647, 649.


Respectfully Submitted,

*/s/ Jerry P. Stevens*
Jerry P. Stevens
1516 South Lamar #112
Austin, Texas 78704
(512) 447-6556

---

Per 28 U.S.C. §1746:
"I (we) declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 02, 2012."

/s/ Jerry P. Stevens
Jerry P. Stevens, Declarant

## CERTIFICATE OF SERVICE

By my signature below, I certify that on this the 02nd day of February, 2012, I served a true and correct copy of *Plaintiff's Motion to Strike Declaration of Craig T. McQuillan* to Defendant and Co-Defendant by certified mail on the following:

Keith Wier, Attorney for Defendant Cardworks Servicing, LLC., and Co-Defendant Advanta Bank Corp.
5615 Kirby Drive, Suite 900
Houston, TX 77005

VIA CERTIFIED MAIL: 7011 1570 0000 8630 6375
On February 02, 2012.

/s/ Jerry P. Stevens
Jerry P. Stevens

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JERRY P. STEVENS,<br>    PLAINTIFF,<br><br>V.<br><br>CARDWORKS SERVICING, LLC,<br>    DEFENDANT, AND<br>ADVANTA BANK CORP.,<br>    CO-DEFENDANT. | §<br>§<br>§<br>§<br>§  CASE NO. 1:11-CV-00397-LY<br>§  Trial By Jury Demanded<br>§  Civil Rights Violations<br>§<br>§ |

## ORDER ON PLAINTIFF'S VERIFIED MOTION TO STRIKE DECLARATION OF CRAIG T. MCQUILLAN

On this day came for consideration the Plaintiff's Verified Motion to Strike Declaration of Craig T. McQuillan, wherein Plaintiff moves the Court to strike Declaration of Craig T. McQuillan as defective and insufficient pursuant to the Rules of Evidence.  After careful consideration, the Court is of the opinion that such Motion is well taken and should be in all things GRANTED.

Furthermore, the statements and arguments of Defendants' counsel are not sufficient for purposes of granting a motion to compel arbitration without valid affidavits by competent fact witnesses from both CardWorks Servicing LLC., and Advanta Bank Corp., and no sufficient affidavits have been submitted by competent fact witnesses from either the Defendant CardWorks Servicing, LLC., or the Co-Defendant Advanta Bank Corp.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Verified Motion to Strike Declaration of Craig T. McQuillan is GRANTED and that Defendants' Motion to Compel Arbitration is DENIED.

SIGNED _____, 2012.

_____
UNITED STATES DISTRICT JUDGE